Sullivan, J.
Scire facias by Norris against Snyder, as replevin bail for one Ferguson, on a judgment before a justice .of the peace. The suit was commenced before a justice, and judgment was rendered against Snyder by default. An appeal *36 was taken to the Circuit Court, where Snyder, by leave of the Court, filed the following pleas, viz.: 1, No execution had been issued against the goods and chattels of Ferguson, the judgment debtor, previous to the commencement of the suit; 2, Non est factum.
On the trial of the cause, the plaintiff offered in evidence a transcript from the justice’s docket to prove the judgment against Ferguson, the replevy of that judgment by Snyder, and that an execution had been issued against the goods and chattels of Ferguson, and had been returned nulla bona. The defendant objected, but the Court admitted the *testimony. This was all the proof offered by the plaintiff. The defendant thereupon offered to prove, that previous to the commepcement of this suit, no execution had issued against the goods and chattels of Ferguson, but the Court refused to admit the testimony. He also offered to prove that he did not replevy said judgment as alleged in the scire facias, which proof the Court also rejected. To the opinion of the Court refusing said testimony the defendant excepted. The Court thereupon gave judgment for the plaintiff.
To fix the liability of bail for the stay of execution on a judgment rendered by a justice of the peace, an execution must issue against the goods and chattels of the judgment-debtor, and it must be returned that there are not goods and chattels sufficient to satisfy the writ. These facts must be proved on the-trial, by the best evidence of which their nature is capable. The writ itself or a certified copy of it, is obviously the best proof. A transcript from the justice’s docket is not sufficient.
Under the plea .of non est factum, it was, for the same reason, necessary for the plaintiff to prove the ..execution of the entry on the justice’s docket, by which he sought to make the defendant liable. It should have been produced on the trial and its execution proved, as the execution of other instruments is proved, under that plea.
The testimony adduced by the plaintiff was, therefore, not sufficient on either issue to sustain the judgment of the Court. *37 And it follows from wbat has been said, that the testimony offered by the defendant was appropriate to the issues, and ought to have been received.
S. W. Parker, for the plaintiff.
C. H. Test, for the defendant.
There is a third plea in the record, which it is not necessary to notice in this opinion; because the defendant can avail himself of the facts stated in it, under the plea of non est factum.
Per Curiam.—The judgment is reversed with costs. Cause remanded, &c.